Opinion of the court, by
Judge Wood :
For all the purposes connected with our inquiry, the facts set up in the plea are admitted by the demurrer. Is the plea *a bar to the action? At the execution of the bond, all the parties to it, and to this suit, resided in the State of Maryland, and the statute began to run the moment the bond was delivered. The terms of the act-can not be misunderstood. The action is limited to twelve-years after the bond shall be executed and passed. The time when the cause of action accrued is wholly immaterial. Nothing ig shown to except this case from the operation of the general rule, that when a statute of limitation once commences, it continues to run ; and as it commenced on December 6, 1817, and no action was commenced for more than twelve years next thereafter, we are of the opinion the right to sue in the State of Maryland is barred, as shown by the plea.
One question remains. If the action is barred in Maryland, does-it continue barred if a suit be instituted in Ohio? In the interpretation of a contract, we are governed by the lex loci; in enforcing it, by the lex fori; and the statute of limitations of the state where the suit, is brought, it is settled, is the only one which can be pleaded in bar of the suit. Without the aid of the statute of Ohio, the plea of the statute of Maryland could not be sustained. The statute of Ohio, however, provides (vol. xxix, 315, sec. 4), “ That in all actions founded on contract, either express or implied, made between persons residing without this state at the time such contract was made, and which are, or hereafter may be, barred by *250 .the laws of the state, country, or territory where made, shall be and continue barred when brought in any court of this state.”
If the action is barred in Maryland, as we have already seen, .the statute of Ohio permits the statute of limitations there to be plead in bar here. The demurrer to the plea must be overruled.